UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADELFO G.J.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-07549-TLN-SCR

A# 226-025-279

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Adelfo G.J.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an Answer. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner entered the United States without inspection on May 4, 2024. (ECF No. 1 at 9; ECF No. 8 at 11.) Thereafter, Petitioner was encountered by immigration authorities, who initiated removal proceedings, and released him into the community. (ECF No. 1 at 12; ECF No. 8 at 6–12.) Petitioner states he has since applied for asylum. (ECF No. 1 at 11.)

Over the last two years, Petitioner established a stable residence, worked to provide for himself and his children, and joined a religious community. (*Id.* at 10.) Petitioner states he is the primary provider for his two minor children, who are eleven and five years old. (*Id.* at 24.) Petitioner has no criminal convictions. (*Id.*; *see* ECF No. 8 at 18–23.) Petitioner asserts he is not a danger or a flight risk (ECF No. 1 at 24), and Respondents do not argue otherwise (ECF No. 8).

About July 21, 2026, Petitioner asserts he was driving to a pharmacy to obtain medication for his child's high fever when local law enforcement pulled him over. (ECF No. 1 at 17.) Petitioner was arrested for driving under the influence and driving without a license and he was transferred to U.S. Immigration and Customs Enforcement ("ICE") custody. (*Id.*; ECF No. 8 at 22–23.) On the record before this Court, it appears Petitioner was detained without an administrative warrant, initial custody determination, or custody hearing.[2] (*See* ECF Nos. 1, 8.)

Petitioner has now been detained for four months without any hearing as to his custody. (ECF No. 1.) He challenges the constitutionality of his detention. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

---

[2] On September 18, 2026, this Court ordered Respondents to produce any warrants and custody determination or custody orders for Petitioner. (ECF No. 6.) Respondents provided no such records with their response, nor explanation for the missing records, nor any argument that Respondents detained Petitioner in compliance with such procedures. (*See* ECF No. 8.)

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention without pre-deprivation notice and a hearing violates the Fifth Amendment.[3] (ECF No. 1 at 11.) Respondents argue Petitioner is lawfully detained under 8 U.S.C. § 1226(a), although they do not identify any procedural protections provided to Petitioner during his arrest or detention. (*See* ECF No. 8.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or

[3] Finding relief warranted on procedural due process grounds, the Court declines to address Petitioner's additional claims in favor of judicial economy.

over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). An individual's liberty interest may be strengthened over time. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Petitioner has a clear liberty interest in remaining free from detention. "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey*, 408 U.S. at 481–82). Petitioner was released into the community to live freely and pursue immigration relief. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987)) ("Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause."). Petitioner has lived in the country for over two years, during which time he has established a residence, joined a religious community, and worked to provide for himself and his two minor children. Accordingly, Petitioner has a clear interest protected by the Due Process Clause.

B. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for four months, separated from his minor children and community, and unable to work. Accordingly, Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is significant given Petitioner has never received any opportunity to be heard as to the justification of his detention, Respondents have not articulated a legitimate interest in detaining Petitioner, and Respondents failed to comply with the procedural protections required by 8 U.S.C. § 1226(a). Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, immigration authorities necessarily determined Petitioner was not a danger to the community or a flight risk to release him on his own recognizance in 2024. 8 C.F.R. § 1236.1(c)(8). There is no alternate finding in the record, or any argument that circumstances have changed, to override that finding. Nor do Respondents argue that Petitioner is a danger to the community or a flight risk. (ECF No. 8.) Additionally, while living in this country, Petitioner has not acquired any criminal convictions. (*See id.* at 18–23.) Therefore, the risk that Petitioner is being detained without proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Further, it appears on the record before this Court that Petitioner has not received any procedural safeguards over the course of his four-month detention. (*See* ECF No. 8.) Petitioner has not received any hearing as to his detention; there is no evidence of a warrant; nor is there any evidence of an initial custody determination, despite this Court's Order (ECF No. 6) to provide such documents. *See Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (collecting cases and enumerating procedural violations of § 1226(a), including detention without a warrant and "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention"). Thus, Respondents have also failed to comply with § 1226(a)'s procedural safeguards in detaining Petitioner. Therefore, the Court finds the probative value of additional procedural safeguards here is high.

Third, and finally, the government's interest in detaining Petitioner without any hearing is nil, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. And the government has no interest in detaining persons in violation of their own statutes. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Moreover, any delay in detention (if justified) for the time to provide pre-deprivation notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Under the *Mathews* factors, Respondents were required to provide notice and a pre-deprivation hearing before a neutral decisionmaker. The U.S. Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129. Respondents have not provided any substantive opposition to the contrary, nor do they argue that Petitioner should be a "special case." (*See* ECF No. 8.)

Respondents have not provided Petitioner with any notice or any custody hearing in over four months of detention. Respondents thus violated the Fifth Amendment and Petitioner's procedural due process rights.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Adelfo G.J. (A# **226-025-279**) from custody under the same terms as his 2024 release. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision **within two (2) court days** of this Order.

1. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

2. Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) and Motion for Appointment of Counsel (ECF No. 4) are DENIED as moot.

4. The Clerk of the Court shall serve this Order on **California City Detention Facility**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE